GROSS, J.
We deny the City of Riviera Beach’s petition for writ of certiorari seeking to quash an order of the circuit court directing it to comply with an investigative subpoena of the office of the state attorney. Among other things, the subpoena would require the city to provide the names of confidential informants used by the city for a one year period. The office of the state attorney is entitled to obtain the disputed information under section 27.04, Florida Statutes (2010). See State v. Investigation, 802 So.2d 1141 (Fla. 2d DCA 2001); Imparato v. Spicola, 238 So.2d 503 (Fla. 2d DCA 1970). Thus, there is no departure from the essential requirements of law.
No statutory or common law privilege limits the state attorney’s ability to obtain the information. We reject the City’s contention that a privilege surrounding confidential informants is applicable here. Both Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and Florida Rule of Criminal Procedure 3.220(g)(2), involve the issue of the “Government’s privilege to withhold from disclosure” to criminal defendants “the identity of persons who furnish information of violations of law to officers.” Neither Ro-viaro nor rule 3.220(g)(2) involves a disclosure from one law enforcement agency to another pursuant to an investigative subpoena. The issue here is not public disclosure nor the release of information to a person or entity that could interfere with an ongoing investigation, but the transfer of information from one law enforcement agency to another.
*200 We also reject the City’s contention that the investigative subpoena implicates Florida’s right of privacy. See Fla. Const., Art. I, § 28. Before Florida’s right to privacy attaches, “a reasonable expectation of privacy must exist.” Winfield v. Div. of Pari-Mutuel Wagering, 477 So.2d 544, 547 (Fla.1985). Confidential informants do not have a reasonable expectation of privacy in shielding their identity from the state attorney’s office, the law enforcement agency that would be in charge of the prosecution should the information provided by an informant lead to criminal charges. Both the state attorney’s office and the City are bound to maintain the confidentiality of the records. See § 914.28, Fla. Stat. (2010).
HAZOURI and CIKLIN, JJ„ concur.